UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HENRY WHITE,

    Plaintiff,

v.

    Case No. **CV419-059**

SENIOR LIFE INSURANCE COMPANY,

    Defendant.

---

Plaintiff Henry White sues Defendant Senior Life Insurance Company, and alleges:

### Introduction

1. This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3. The TCPA's sponsor, Senator Hollings, urged Congress to pass the TCPA stating, "[t]hese machines are out of control, and their use is growing by 30 percent every year. It is telephone terrorism, and it has got to stop." 137 Cong. Rec. at S16205. Describing the specific consumer interests the TCPA was intended to protect, Senator Hollings said: "I echo Supreme Court Justice Louis Brandeis, who wrote 100 years ago that 'the right to be left alone is the most comprehensive of rights and the one most valued by civilized man." 137 Cong. Rec. at S16205.

4. "Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. Yet, still today, according to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints [the FCC] receive[d]. Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

## Jurisdiction, Venue and Parties

7. This Court has original jurisdiction over Plaintiff's claim arising under the TCPA pursuant to 28 U.S.C. § 1331.

8. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Georgia, this suit arises out of Defendant's specific conduct with Plaintiff in Georgia, and Plaintiff was injured in Georgia.

9. Venue is appropriate in the United States District Court for the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Bulloch County, Georgia.

10. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Bulloch County, Georgia.

11. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant is a Georgia company. Defendant's principal place of business is located at 1 Senior Life Lane, Thomasville, Georgia 31792. Defendant's registered agent is William E. Holland, located at 109 South Ashley Street, Valdosta, Georgia 31601. Defendant conducts business in the State of Georgia.

## General Allegations

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (912) ***-3772, and was the called party and recipient of Defendant's calls.

14. Defendant placed more than 50 calls to Plaintiff's cellular telephone (912) ***-3772.

15. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (844) 829-7725.

16. On several occasions since Defendant's campaign of phone calls began, Plaintiff instructed Defendant's agents to stop calling his cellular telephone.

17. In or around October 2018, Plaintiff answered a call from Defendant to the aforementioned cellular telephone number. Plaintiff spoke to Defendant's agent/representative and informed that agent/representative that he was not interested in what they had to sell and to stop calling his cellular telephone.

18. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful and made without Plaintiff's "express consent."

19. Despite Plaintiff clearly and unequivocally revoking any consent Defendant may have believed it had to call Plaintiff on his cellular telephone, Defendant continued to place automated calls to Plaintiff.

20. Again, in or around the first week of December 2018, Plaintiff answered a call from Defendant to the aforementioned cellular telephone number. Plaintiff spoke to Defendant's agent/representative and told Defendant that he had already told them to stop calling. But the calls did not stop.

21. Plaintiff's numerous conversations with Defendant's agents/representatives over the telephone, wherein he demanded cessation of calls, were in vain as Defendant continued to bombard him with automated calls unabated.

22. After Plaintiff revoked any consent Defendant may have had, each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful and made without Plaintiff's "express consent."

23. Some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" as specified by 47 U.S.C. § 227(a)(1).

24. Sometimes when Plaintiff answers Defendant's calls to his cell phone, he hears a pause before he is connected to a live agent.

25. A pause in the phone call before being connected to a live agent is indicative of an automatic telephone dialing system. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a pause before a live person comes on the line is indicative of an ATDS); *France v. DiTech Fin., LLC*, No. 8:17-cv-3038-T-24MAP, 2018 U.S. Dist. LEXIS 58711, at *19-20 (M.D. Fla. Apr. 6, 2018) (same).

26. Plaintiff received a large number of phone calls from Defendant.

27. A large volume and frequency of calls is indicative the calls were made from an ATDS. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017

U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a large number and frequency of calls is indicative of an ATDS).

28. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to call Plaintiff's cellular telephone in this case.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to call Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

30. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they wish for the calls to stop.

31. Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. Defendant willfully or knowingly violated the TCPA with respect to Plaintiff.

33. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

34. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's calls.

35. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he

answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

36. Each and every call Defendant placed to Plaintiff's cellular telephone without consent was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

37. Each and every call Defendant placed to Plaintiff's cellular telephone without consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

38. Each and every call Defendant placed to Plaintiff's cellular telephone without consent where a voice message was left, occupied space in Plaintiff's telephone or network.

39. Each and every call Defendant placed to Plaintiff's cellular telephone without consent resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

40. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress and aggravation from having to deal with Defendant's numerous unwanted telephone calls.

## COUNT I
### (Violation of the TCPA)

41.     Plaintiff restates and incorporates herein his allegations in paragraphs 1 through 40 as if fully set forth herein.

42.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

43.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

/s Octavio Gomez
Octavio "Tav" Gomez
Georgia Bar No. 617963
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 225-5505
Facsimile: (813) 222-2490
TGomez@ForThePeople.com
JKersey@ForThePeople.com
JessicaK@ForThePeople.com
*Attorney for Plaintiff*