IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HENRY WHITE, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV419-059
 )
SENIOR LIFE INSURANCE COMPANY, )
 )
    Defendant. )
_____ )

## O R D E R

Before the Court is Plaintiff Henry White's Notice of Voluntary Dismissal with Prejudice. (Doc. 10.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Because Defendant has filed neither an answer nor a motion for summary judgment in this case, Plaintiff's request is **GRANTED** and this action is **DISMISSED WITH PREJUDICE** with each party to bear its own fees and costs. The Clerk of Court is **DIRECTED** to close this case.

In his Notice of Settlement, Plaintiff requested that this Court retain jurisdiction for the sole purpose of enforcing the settlement agreement. (Doc. 9 at 1.) A

dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) is "effective immediately upon filing." Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1277 (11th Cir. 2012) (quoting Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam)). In Anago, the Eleventh Circuit found that a stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is similarly self-executing and effective upon filing. 677 F.3d at 1280. Because of the self-executing nature of dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Eleventh Circuit found that, to retain jurisdiction over a settlement agreement where the parties dismiss the action pursuant to Rule 41(a)(1)(A)(ii), "either (1) the district court must issue the order retaining jurisdiction under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." Anago, 677 F.3d at 1280. Although Plaintiff dismissed this action pursuant to Rule 41(a)(1)(A)(i) rather than Rule 41(a)(1)(A)(ii), the Eleventh Circuit was clear that both forms of dismissal are effective immediately upon filing. Id. at 1278. Accordingly, because the voluntary dismissal did not

2

condition its effectiveness on the issuance of an order by this Court retaining jurisdiction, and the Court did not issue such an order prior to the dismissal of the case, this Court cannot now retain jurisdiction for the purposes of enforcing the settlement agreement.[1] Id. at 1280-81.

SO ORDERED this 20th day of May 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Although Plaintiff requested that this Court retain jurisdiction in his notice of settlement, Plaintiff never filed a motion seeking entry of a court order retaining jurisdiction nor did he condition his voluntary dismissal on the Court retaining jurisdiction.